IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE MEJIAS, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**ABC AIRPORT PARKING LLC, and WILLIAM CASTILLO, individually**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JOSE MEJIAS ("Mejias" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ABC AIRPORT PARKING LLC ("ABC" or "Corporate Defendant"), and WILLIAM CASTILLO ("Castillo"), individually (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") ("collectively "NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of

1

Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately 2015, and continuing to date, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and New Jersey state law.

4. Beginning in November 2018, and continuing to date, Defendants have failed to make available to Plaintiff earned sick leave as required by N.J.S.A. 34:11D-5.

5. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover overtime compensation that Plaintiff and similarly situated employees were deprived of, liquidated damages, attorneys' fees and costs.

6. The Plaintiff has initiated this action to recover unpaid wages for sick time earned and used, but not paid, plus associated damages under the statute, attorneys' fees and costs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et.seq.*

2. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

4.      At all times material hereto, Plaintiff performed valet and driving duties for the Defendants in New Jersey and based from Defendants' headquarters located in Elizabeth, Union County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

5.      At all times pertinent to this Complaint, the Defendant, ABC, is a transportation and valet company. ABC is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant regularly assists clients that arrive from outside the tri-state area transporting them to and from Newark Airport and/or providing valet services for out of state residents' vehicles while they are traveling. Alternatively, Plaintiff worked in interstate commerce, i.e., regularly assisting clients that arrive from outside the tri-state area transporting them to and from Newark Airport and/or providing valet services for out of state residents' vehicles while they are traveling. Thus, Plaintiff falls within the protections of the Act.

## PARTIES

6.      Plaintiff Mejias is an adult individual who is a resident of Linden, Union County, New Jersey.

7.      Plaintiff Mejias was employed by Defendants full time as a valet and driver for over four (4) years, or from in or about November 2015, until in or about February 12, 2020.

8.      The individual Defendants own, operate, and/or manage ABC.

9.       ABC is headquartered in Elizabeth, Union County, New Jersey.

10.     At all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

11. Upon information and belief, at all times relevant to this Complaint, the corporate Defendant ABC's annual gross volume of sales made, or business done, was not less than $500,000.00.

12. At all times relevant to this Complaint, the Defendant ABC was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

13. Upon information and belief, Defendant William Castillo is a New Jersey state resident.

14. Upon information and belief, at all times relevant to this Complaint, individual Defendant Castillo has been an owner, partner, officer and/or manager of ABC.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Castillo has had power over personnel decisions at ABC.

16. At all times relevant to this Complaint, individual Defendant William Castillo was present at the business headquarters regularly, and managed the day to day financial operations, the company time and pay practices and had the power to change same.

## COLLECTIVE ALLEGATIONS

17. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

18. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

19. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate

of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

20. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

21. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' valet.

22. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

23. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their valet and transportation business.

24. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff Mejias for his overtime hours worked in a work week.

25. Plaintiff Mejias was an hourly employee and his hourly rate of pay was $8.50 per hour.

26. During the months of October, November, December and January, on average, Plaintiff Mejias worked (10) shifts each week. Each shift was approximately (8) hours long

27. Plaintiff Mejias worked approximately (80) hours per week during these months.

28. During the remaining months of the year, February through September, on average, Plaintiff Mejias worked (6) to (7) shifts per week. Each shift was approximately (8) hours long.

29. Plaintiff Mejias worked (48) or (56) hours per week during these months, depending on the number of shifts in a given week.

30. Plaintiff Mejias was not paid at one-and-one half times his hourly rate of pay for his hours worked over forty (40) in a workweek.

31. Plaintiff Mejias was only paid his regular rate of pay for all hours worked, including those worked in excess of forty each week.

32. Upon information and belief, employees similarly situated to Plaintiff were also only compensated at their regular rate of pay for all hours worked, regardless of the fact that they worked in excess of forty (40) hours in a workweek.

33. Beginning in November, 2018, Defendants did not provide Plaintiff with paid sick or personal time; rather, when Plaintiff took time from work, regardless of whether he was sick, he was not paid.

34. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

35. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §201,*et.seq.*, as well as applicable provisions of the NJWHL, and to recover unpaid sick time in accordance with the NJWHL, on behalf of Plaintiff during the material time.

36. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and all similarly situated employees performed services and labor for Defendants for which Defendants

made no provision to pay Plaintiff compensation to which he was lawfully entitled for all of his hours worked in excess of forty (40) within a work week.

37. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

40. All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

41. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked in a work period.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and all similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

43. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 43 above.

45. Defendants' afore mentioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

46. Plaintiff and all similarly situated employees are entitled to one-and-one half times their regular hourly wage for each hour of working time in excess of 40 hours in any week.

47. Defendants' afore mentioned conduct is in violation of the NJWHL.

48. As a direct and proximate cause of Defendants' actions, Plaintiff and all similarly situated employees suffered damages, including but not limited to lost wages and liquidated damages.

## COUNT III
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF NEW JERSEY'S PAID SICK LEAVE STATUTE SICK LEAVE

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

50. Plaintiff was not provided sick leave.

51. Defendants did not have a policy by which Plaintiff earned sick leave.

52. As a result of not earning sick leave, Plaintiff suffered damages. Plaintiff seeks actual damages, as well as additional damages as dictated in the statute.

## JURY TRIAL

53. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff JOSE MEJIAS, individually, and on behalf of all similarly situated persons, demands judgment, against Defendants ABC AIRPORT PARKING, LLC, and WILLIAM CASTILLO, individually, as follows:

(1) on their first cause of action against Defendants in an amount to be determined at trial, including liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, including third year damages, as well as interest, attorneys' fees and costs; and

(2) on their second cause of action against Defendants in an amount to be determined at trial, including liquidated damages as permitted under the NJWHL, as well as interest, attorneys' fees and costs; and

(3) on their remaining cause of action, in an amount to be determined at trial, plus attorneys' fees and costs.

Dated: September 29, 2020    Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
Email: Aglenn@jaffeglenn.com
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
33 State Road, Suite A-1
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Fax: (201)595-0308